Williams v. Lutheran Medical Center

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             REENA RAGGI,
                  *Circuit Judges*.

_____

VIRLYN WILLIAMS,

                  *Plaintiff*,

JOEL M. GLUCK,

                  *Appellant*,

          v.                                                    17-1476-cv

LUTHERAN MEDICAL CENTER, 1199 SEIU UNITED
HEALTHCARE WORKERS EAST,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Joel Martin Gluck, pro se, New York, N.Y.

Appearing for Appellees:     No appearance.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Joel M. Gluck appeals from the March 2, 2017, order of the United States District Court for the Eastern District of New York (Johnson, *J.*), finding Gluck in contempt for failing to appear at a February 23, 2017, status conference. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews an order imposing a sanction for an abuse of discretion. *See Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). However, the Court will "review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted). Moreover, although Gluck is appearing pro se, he is not entitled to the special solicitude courts traditionally afford to pro se litigants because he is an attorney. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal quotation marks omitted). Civil contempt may be imposed for failure to comply with an order of the court if that order "is clear and unambiguous, the proof of non-compliance is clear and convincing, and the [respondent] was not reasonably diligent in attempting to comply" with the order. *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996) (internal quotation marks omitted). The violation, however, need not be willful. *See id.*

Gluck does not dispute either that the court's order to appear was clear and unambiguous or his own noncompliance. Instead, he justifies his absence based on unrelated, other client commitments that required his presence. The district court did not accept this excuse, noting on the record that Gluck "was notified December 1st of this February 23rd engagement and that it was on February 22nd that he filed [a] letter saying that he had another engagement with an Administrative Law Judge, with an affirmation signed by himself." App'x at 156-57. By delaying until the last minute to notify the district court of the scheduling conflict, Gluck effectively denied the district court control over its own calendar. Gluck failed to explain this delay. Nor did he explain his apparent failure to advise the administrative law judge of the February 23 appearance obligation in the district court when the administrative law judge rescheduled a previous appearance date to February 23. Such unexplained failures to alert tribunals of scheduling conflicts in a timely manner belie reasonable diligence. *See Local 638*, 81 F.3d at 1176. Thus, the district court did not abuse its discretion by rejecting Gluck's excuse for his failure to appear as ordered. Furthermore, contrary to Gluck's argument, the district court was not required to find that Gluck's lack of diligence was in bad faith before finding him in contempt. *See United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000) (holding that district courts have the power "to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith").

We have considered the remainder of Gluck's arguments and conclude that they are without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk